

TTJ/EBP: USAO 2018R00524

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CRIMINAL NO. PWG 18cr 0454 |
| v. | * |
| | * (Conspiracy to Commit Access |
| TREVON ROSEMOND, | * Device Fraud, 18 U.S.C. § 1029(b)(2); |
| | * Aggravated Identity Theft, |
| Defendant | * 18 U.S.C. § 1028A; Forfeiture, |
| | * 18 U.S.C. §§ 1029(c) & 982(a)(2)(B)), |
| | * 21 U.S.C. § 853) |
| | * |

******

## INDICTMENT

### COUNT ONE
(Conspiracy to Commit Access Device Fraud)

The Grand Jury for the District of Maryland charges that:

#### Introduction

At all times relevant to this Indictment:

1. **TREVON ROSEMOND ("ROSEMOND")** was a resident of Maryland;

2. **Robert Smith ("Smith")** was a resident of Maryland.

3. An "access device," as defined in 18 U.S.C. § 1029(e)(1), was, among other things, a debit card number, a credit card number, or other means to access an account that could be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value.

4. An "unauthorized access device," as defined in 18 U.S.C. § 1029(e)(3), was any access device that was lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

**The Conspiracy**

5. Between at least in or about May 2017 and in or about October 2017, in the District of Maryland and elsewhere, the defendant,

**TREVON ROSEMOND,**

did knowingly and willfully combine, conspire, confederate, and agree with **Smith** and others known and unknown to the Grand Jury to knowingly and with the intent to defraud effect transactions with one or more access devices issued to other persons to receive payments and other things of value during a one-year period, the aggregate value of which was equal to or greater than $1,000, in a manner affecting interstate and foreign commerce, in violation of 18 U.S.C. § 1029(a)(5).

**Manner and Means of the Conspiracy**

6. It was part of the conspiracy and scheme to defraud that **ROSEMOND** and **Smith** unlawfully obtained personally identifiable information and access devices belonging to Victims 16, 17, and 23, among others.

7. It was further part of the conspiracy and scheme to defraud that, unbeknownst to Victims 16, 17, and 23, **ROSEMOND** and **Smith** used the personally identifiable information and unauthorized access devices to conduct point of sale transactions at merchants located in the District of Maryland and elsewhere to purchase gift cards and other items.

8. It was further part of the conspiracy and scheme to defraud that **ROSEMOND** and **Smith** divided the proceeds among themselves.

## Overt Acts

9. In furtherance of the conspiracy, and to effect the objects thereof, at least one of the co-conspirators committed and caused to be committed the following acts, among others, in the District of Maryland and elsewhere:

   a. On or about August 12, 2017, **ROSEMOND** and **Smith** entered Business 15, located in Kensington, Maryland, and stole Victim 16's two credit cards and driver's license.

   b. On or about August 12, 2017, **ROSEMOND** and **Smith** entered Business 16, located in Kensington, Maryland, and stole Victim 17's six credit cards and driver's license.

   c. On or about October 2, 2017, **ROSEMOND** and **Smith** entered Business 21 located in Alexandria, Virginia, and stole three of Victim 23's credit cards.

   d. On or about October 2, 2017, **ROSEMOND** and **Smith** used Victim 23's stolen credit cards to make purchases at retail stores in Fort Washington, Maryland, and Oxon Hill, Maryland.

18 U.S.C. § 1029(b)(2)

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations in Paragraphs 1 through 4 and 6 through 9 of Count One are incorporated here.

2. On or about October 2, 2017, in the District of Maryland and elsewhere, the defendant,

**TREVON ROSEMOND,**

during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, knowing that the means of identification belonged to another person, that is, an access device belonging to Victim 23, during and in relation to conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2), as charged in Count One of this Indictment and incorporated here.

18 U.S.C. § 1028A
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 1029(c) and 982(a)(2)(B), in the event of the defendant's conviction under Count One of this Indictment.

2. As a result of the offense set forth in Count One, the defendant,

**TREVON ROSEMOND,**

shall forfeit to the United States (a) all property, real and personal, used and intended to be used to commit the offense, and (b) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violation.

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

...

it is the intent of the United States of America, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

18 U.S.C. § 1029(c)
18 U.S.C. § 982(a)(2)(B)
21 U.S.C. § 853(p)

Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

Date: August 29, 2018