## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Between at least in or about May 2017 and in or about October 2017, in the District of Maryland and elsewhere, the Defendant, **TREVON ROSEMOND ("ROSEMOND")**, knowingly and willfully conspired and agreed with **Robert Smith ("Smith")** and others to effect transactions with access devices issued to other persons in order to receive payments and other things of value during a one-year period, the aggregate value of which was greater than $1,000, in a manner affecting interstate commerce, in violation of 18 U.S.C. § 1029(a)(5). **ROSEMOND** knowingly and willfully became a member of the conspiracy to obtain goods through the fraudulent use of stolen credit cards and means of identification, namely driver's licenses of others.

Over the course of the conspiracy, **ROSEMOND** and his co-conspirators, including **Smith**, entered businesses located in Maryland, Washington, D.C., and Virginia. After entering the businesses, **ROSEMOND** or his co-conspirators would distract the victim while the other co-conspirator obtained the victims' means of identification (generally, a driver's license) and credit card(s). **ROSEMOND** and his co-conspirators thereafter would fraudulently use, without authorization, the victims' stolen credit cards and means of identification to purchase goods and gift cards from various retail locations. The following are examples of **ROSEMOND** and his co-conspirators' fraudulent conduct.

On or about May 18, 2017, **ROSEMOND** and **Smith** entered Business 11, located in Alexandria, Virginia, and stole Victim 12's credit card. **ROSEMOND** and **Smith** thereafter used Victim 12's credit card to make a $2,037.56 purchase at a retail store in Alexandria, Virginia, and a $1,134.20 purchase at another retail store in Alexandria, Virginia. Victim 12 did not give **ROSEMOND** or **Smith** permission to make either of these purchases.

On or about July 24, 2017, **ROSEMOND** and **Smith** entered Business 12 located in Woodbridge, Virginia, and stole three credit cards and a driver's license from Victim 13's purse. Later that same day, **ROSEMOND** and **Smith** used Victim 13's stolen credit card to make a $60.44 purchase from a retail store in Woodbridge, Virginia and a $413.90 purchase from another store in Woodbridge, Virginia. Victim 13 did not give **ROSEMOND** or **Smith** permission to make either of these purchases.

On or about August 12, 2017, **ROSEMOND** and **Smith** entered Business 15, located in Kensington, Maryland, and stole from Victim 16's wallet two credit cards, both of which were expired, and Victim 16's driver's license. That same day, **ROSEMOND** and **Smith** entered Business 16, located in Kensington, Maryland, and stole from Victim 17's wallet six credit cards and Victim 17's driver's license. Later that same day, **ROSEMOND** and **Smith** used Victim 17's credit card to make a $1,845 purchase at a retail store in Washington, D.C. Victim 17 did not give

Rev. August 2018

**ROSEMOND** or **Smith** permission to make this purchase. As set forth below, on October 24, 2017, law enforcement officers recovered both Victim 16 and Victim 17's driver's licenses from **ROSEMOND**'s residence.

On or about October 2, 2017, **ROSEMOND** and **Smith** entered Business 21 located in Alexandria, Virginia, and stole three of Victim 23's credit cards. Later that same day, **ROSEMOND** and **Smith** used Victim 23's stolen credit cards to make purchases totaling $6,097.61 at two different retail stores in Fort Washington and Oxon Hill, Maryland. At the time **ROSEMOND** possessed and used Victim 23's means of identification, **ROSEMOND** knew that Victim 23 was a real person. Victim 23 did not give **ROSEMOND** or **Smith** permission to make these purchases.

On or about October 16, 2017, **ROSEMOND** and **Smith** entered Business 17, located in Falls Church, Virginia, and stole Victim 18's wallet, which contained two credit cards and a driver's license. Later that same day, **ROSEMOND** and **Smith** used one of Victim 18's credit cards to purchase $3,286 worth of merchandise from a store in Tyson's Corner, Virginia. **ROSEMOND** and **Smith** also used another one of Victim 18's credit cards to purchase $1,367.40 worth of merchandise at a retail store in Tyson's Corner, Virginia. Victim 18 did not give **ROSEMOND** or **Smith** permission to make these purchases. As set forth below, law enforcement officers recovered Victim 18's driver's license at **ROSEMOND**'s residence during the execution of a search warrant.

On or about October 21, 2017, **ROSEMOND** and **Smith** entered Business 19, located in Vienna, Virginia, and stole Victim 20's wallet, which contained two credit cards and Victim 20's driver's license. Later that same day, **ROSEMOND** and **Smith** used one of Victim 20's credit cards to make a $2,033.32 purchase at a retail store in Oakton, Virginia. Victim 20 did not give **ROSEMOND** or **Smith** permission to make this purchase.

On October 24, 2017, law enforcement officers executed a search warrant at **ROSEMOND**'s residence [and Smith] in Hyattsville, Maryland. Law enforcement officers recovered 20 government issued identification documents and 27 gift cards (predominately Visa gift cards). Further, **ROSEMOND** used at least ten of the stolen identifications recovered from [Rosemond's] residence to purchase pre-paid gift cards from a retail store totaling approximately $31,320.

In total, **ROSEMOND**'s offense conduct involved at least ten victims, including the victims discussed herein. Moreover, based on the length of the fraudulent conduct, **ROSEMOND's** relationship with his co-conspirators, and information provided by others, at least $51,133.40 in intended losses were foreseeable to **ROSEMOND** and within the scope of the conspiracy. The actual loss attributable to **ROSEMOND** is at least $43,359.50.

Rev. August 2018

SO STIPULATED:

_____
Erin B. Pulice
Assistant United States Attorney

_____
Trevon Rosemond
Defendant

_____
Daniel K. Dorsey, Esq.
Counsel for Defendant

Rev. August 2018

12