IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. PWG-18-454 |
| TREVON ROSEMOND, | : | |
| Defendant | : | |

...ooOoo...

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through undersigned counsel, files the Government's Supplemental Memorandum in Aid of Sentencing regarding Defendant Trevon Rosemond. For the reasons set forth below, the Government recommends a period of incarceration of 30 months. Because of Mr. Rosemond's criminal conduct after he pleaded guilty, the government's new sentencing recommendation is at the high end of the applicable guidelines range of 24 to 30 months, and is a sufficient but not greater than necessary to satisfy the goals of sentencing. The recommended sentenced is also six months above the parties' (c) plea range of 15 to 24 months.[1]

---

[1] Because the Defendant committed a new offense between the Defendant's guilty plea and the Defendant's sentencing hearing, as defense counsel concurred on the January 28, 2020 status call, the Government is relieved of its obligations to recommend a sentence between 15 and 24 months of imprisonment, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Plea Agreement at 5 ("The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior . . . neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.")

## I. BACKGROUND

### A. The Offense Conduct and New Criminal Conduct

Mr. Rosemond's offense conduct is described in detail in the government's initial sentencing memorandum. Mr. Rosemond worked together with Robert Smith and others to execute an access device fraud scheme in the greater Washington, D.C. area – they stole peoples' credit cards and driver's licenses right from their wallets and would then use their victims' credit cards to purchase high-end clothing, sunglasses, or gift cards. PSR at ¶ 10. In total, Mr. Rosemond victimized at least 22 individuals, and over $51,000 in losses were foreseeable to Mr. Rosemond as a result of his participation in this scheme. *Id.* at ¶ 18.

Despite the overwhelming evidence against him, Mr. Rosemond waited to plead guilty until September 30, 2019, which was less than three weeks before his trial date. ECF Nos. 31 - 33. Mr. Rosemond's general unwillingness to accept responsibility for his actions was also a theme while he was on pretrial supervision. His performance while on supervision was sub-par, to say the least, culminating with new criminal charges in Fairfax County, Virginia. Even before he pleaded guilty, Pretrial Services submitted notice of violations on June 7, 2019 and again on September 27, 2019. In May 2019, Mr. Rosemond was issued a citation in Prince George's County for theft less than $100 and failed to notify his pretrial services officer of his contact with law enforcement. This charge was placed on the STET docket. Then, on December 17, 2019, Mr. Rosemond was charged with five additional theft offenses after he and another individual were caught shoplifting from various stores in the Springfield Town Center. To his credit, based on representations from defense counsel, Mr. Rosemond intends to take responsibility for those offenses and plead guilty in Fairfax County.

### B. Calculation of Advisory Sentencing Guidelines

The government agrees with U.S. Probation's guidelines calculations in the revised PSR (ECF No. 43). Mr. Rosemond's Total Offense Level is a 16 and the resulting applicable Guidelines range, based on a Criminal History Category II, is 24 to 30 months.

## II. ARGUMENT

The facts and circumstances of this case along with the history and characteristics of this particular defendant justify a 30-month term of incarceration.[2] Mr. Rosemond has already benefited significantly from the mercy and temperance offered to him by the government. As part of the terms of the plea agreement, the government agreed to drop the aggravated identity theft charge, a conviction that would have garnered a twenty-four month mandatory term of incarceration consecutive to any other sentence imposed.

Despite this fact, Mr. Rosemond's conduct while on pretrial release indicates that he is not appreciative of his situation and that his chance of recidivism is high. Mr. Rosemond's conduct indicates that he has not taken the criminal justice process seriously. He had difficultly abiding by his release conditions and, in fact, committed new theft crimes of the same type while he was awaiting sentencing. Mr. Rosemond's actions are consistent with his adult criminal history. Although he is only 26 years old, he has obtained two prior convictions for similar conduct in two other districts: the District of Columbia as well as the Commonwealth of Virginia. Despite his prior contacts with the justice system, and despite being on federal pretrial release, he

---

[2] The government makes this recommendation, taking into account the fact that Mr. Rosemond has been incarcerated at the D.C. Jail since January 17, 2020, and that the D.C. Department of Corrections is currently facing a number of issues relating to the spread of COVID-19 within its facilities. To date, the government has no specific information that Mr. Rosemond has COVID-19 or that he has been exposed to any individuals with COVID-19.

has not been deterred. Moreover, there is nothing about his history or characteristics that explains or excuses his conduct. In fact, he was raised in safe, middle-class neighborhood, and obtained both a high school and a college degree. Despite the fact that he has the skills and education to earn an honest living, he has chosen a path of crime. A 30-month sentence is sufficient, but not greater than necessary, to satisfy the goals of sentencing in this case.

## III.  RESTITUITON

As part of the terms of his plea agreement, Mr. Rosemond has agreed to pay restitution in the amount of $43,359.50. The government respectfully requests that Court order restitution in the amount of $31,320. This figure represents the amount of gift cards purchased with the stolen identification cards found at Mr. Rosemond's home. Prior to sentencing, the government will separately submit a restitution worksheet regarding the restitution breakdown.

## IV.  CONCLUSION

For the foregoing reasons and additional information that may be presented at the sentencing hearing, the Government respectfully submits that a sentence of 30 months' incarceration, to be followed by three years of supervised release, is sufficient but not greater than necessary to meet the goals of sentencing.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Erin B. Pulice
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system and a copy was sent by email to Defendant's counsel and the U.S. Probation Officer.

/s/
Erin B. Pulice
Assistant United States Attorney
